# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

  v.

**GREGG FRIEDAL and
CO DAVID YANG,**

    Defendants.

Case No. 18-CV-1777

## ORDER

On November 9, 2018, plaintiff Victor Robert Brown, a pro se inmate at Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983 (ECF No. 1) along with a motion for leave to proceed without prepaying the filing fee (ECF No. 3) and a motion to appoint counsel (ECF No. 4). A few weeks later, on November 25, 2018, Brown filed an amended complaint. (ECF No. 11.) Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires" to a plaintiff to amend his complaint. Therefore, Brown's amended complaint shall become the operative complaint.

This matter is before the court on Brown's motion to proceed without prepaying the civil case filing fee (ECF No. 2), for screening his amended complaint (ECF No. 1), and on his motion to appoint counsel. The court has jurisdiction to resolve Brown's motions and to screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the

exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1.  **Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. However, on December 20, 2018, after finding that Brown lacked the fiscal resources to pay an initial partial filing fee, the court waived that fee. (ECF No. 14.) To that end, the court will grant Brown's motion to proceed without prepaying the filing fee. He will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

2.  **Screening of the Complaint**

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1  Allegations in the Complaint

Brown alleges that on January 20, 2018, while housed in the restrictive housing unit (RHU) of GBCI, he pressed his emergency call button and informed CO David Yang that he was suicidal. (ECF No. 11 at 2.) CO Yang responded that he would tell the sergeant. (*Id.*) Brown alleges that CO Yang was referring to Sergeant Gregg Friedal because Sergeant Friedal was the "assigned sergeant for the RHU at that time." (*Id.* at 2.)

After waiting approximately five minutes for help, Brown pressed his emergency call button again for assistance. (ECF No. 11 at 3.) About three minutes later, Yang responded to the call. (*Id.*) Brown told Yang that he was "on the verge of harming [himself]." (*Id.*) Yang said that he had already told the sergeant. (*Id.*) Brown

3

then "grabbed [his] pen insert and started cutting the crook of [his] left elbow area and soon had blood squirting consistently." (*Id.* at 3.) He lost consciousness. (*Id.* at 4.)

Brown alleges that another inmate informed CO Bruso (not a defendant) that Brown was "cutting." (ECF No. 11 at 4.) CO Bruso had Brown pulled out of his cell and taken to the RHU's health services unit. (*Id.*) There, RN Steve (not a defendant) used ammonia to revive Brown and gave him an IV. (*Id.*) Brown was later sent to the emergency room at St. Vincent's, where he was "given one unit of blood for a transfusion" and stayed overnight. (*Id.*)

Brown seeks injunctive relief and compensatory and punitive damages. (ECF No. 11 at 5.) He also includes in his complaint a request for preliminary injunctive relief. (*Id.* at 5-6).

### 2.2 Analysis

The Eighth Amendment secures prisoners' right to minimally adequate healthcare. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To prevail on an Eighth Amendment claim, a prisoner "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–53 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

The Court of Appeals for the Seventh Circuit has reasoned that suicide, attempted suicide and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir.2001)). Moreover, "prison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies." *Rice ex rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 665 (7th Cir.2012).

Brown alleges that he informed CO Yang of his suicidal ideation, to which CO Yang responded that he would and had informed the sergeant but did nothing more. Brown resultantly engaged in self-harm and had to later be admitted to the hospital. The court recognizes that, as alleged, Brown's request for help and his subsequent self-harm all occurred within a matter of minutes. However, "[d]elaying treatment, even if not life threatening, can be evidence of deliberate indifference." *Wilson v. Adams*, 901 F.3d 816, 822 (7th Cir. 2018) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997)). Thus, Brown may proceed with a deliberate indifference-claim against CO Yang.

Brown has also stated and may proceed with a claim of deliberate indifference against Sergeant Friedal. He alleges that Sergeant Friedal was the sergeant on duty on January 20, 2018, and thus the sergeant who CO Yang informed of Brown's suicidal ideation. "[A]ccept[ing] all well-pleaded facts as true," Brown has sufficiently alleged that Sergeant Friedal was aware of his risk of suicide but disregarded that risk. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

The court will deny, however, Brown's request for preliminary injunctive relief. To proceed with such a request, Brown must file a separate Motion for Preliminary Injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

### 3. Motion to Appoint Counsel

Brown has asked that the court appoint counsel to represent him. (ECF No. 4.) He states that he is a clinically diagnosed mentally ill inmate whose frequent placement on suicide observation prevents him from meeting court deadlines. (*Id.* at 1.) He asserts that he relies entirely on his friend "to do and write all [his] legal work," but his friend is leaving soon. (*Id* at 1-2.) He also says that his financial instability prevents him from producing any records or reports from GBCI, that he has attempted to secure counsel on his own but has not received any response, and that he believes the complexity of this case warrants counsel appointment. (*Id.* at 2).

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). The litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Once the plaintiff shows that he has done so, the court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* "[D]eciding whether to recruit counsel 'is a difficult

6

decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

The court is satisfied that Brown has made reasonable attempts to secure counsel on his own. However, it will not appoint counsel to represent him at this time. Brown asserts that he has been totally reliant on another inmate in bringing his case and now seeks counsel because that inmate will be leaving soon. In such instances, "the court must 'specifically examine[]' a plaintiff's 'personal ability to litigate the case, versus the ability of the 'jailhouse lawyer' who assisted the plaintiff'" to determine whether the appointment of counsel is appropriate. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018) (quoting *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014)). Brown asserts he has relied on the other inmate to fully assist him because his mental illness causes him to be frequently placed on suicide observation and to miss court deadlines as a result.

Brown's concerns essentially amount to an issue of timing, whether Brown will be able to timely file any required documents with the court. However, such an issue is not enough to warrant the court's recruitment of counsel to represent Brown. *See Brown v. Schrubbe*, No. 10-CV-129-BBC, 2010 WL 3666993, at *11 (W.D. Wis. Sept. 15, 2010) (noting that the appointment of counsel is not warranted when a plaintiff only needs to seek an extension of time to meet court deadlines). Indeed, if at any

time he requires additional time to meet a deadline, he need only timely request an extension from the court.

The court also notes that it has only now screened Brown's amended complaint. Presently there is nothing for him to do. Once the defendants are served with his amended complaint and file an answer, the court will issue a scheduling order setting the deadlines for discovery. At that time Brown may ask the defendants questions (interrogatories) under Rule 33 or request under Rule 34 that they produce documents that he believes will support his claims. The court will also set a deadline for filing dispositive motions, such as a motion for summary judgment under Rule 56. If the defendants file such a motion, Brown need only respond by explaining his version of the events in accordance with Rule 56, through an affidavit or unsworn declaration under 28 U.S.C. § 1746. At this time, the court has no reason to believe that Brown cannot handle these tasks on his own.

4. **Conclusion**

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee (ECF No. 3) is **GRANTED**.

**IT IS ALSO ORDERED** that Brown's motion to appoint counsel (ECF No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Brown's amended complaint and this order are being electronically sent today to the

Wisconsin Department of Justice for service on the state defendants Gregg Friedal and CO David Yang.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Gregg Friedal and CO David Yang shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Brown shall submit all correspondence and case filings to institution staff,

who will scan and e-mail documents to the Court.[1] If Brown is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises Brown that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 15th day of January, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.