# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

    v.

**GREGG FRIEDAL and
CO DAVID YANG,**

    Defendants.

Case No. 18-CV-1777

## ORDER

On November 9, 2018, pro se plaintiff Victor Robert Brown, an inmate at the Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983. (ECF No. 1) He later filed an amended complaint on November 26, 2018. (ECF No. 11.) On January 15, 2019, the court screened Brown's amended complaint and allowed him to proceed on claims of deliberate indifference against Gregg Friedal and CO David Yang. (ECF No. 18.) On January 23, 2019, Brown filed three separate motions: a motion for a preliminary injunction (ECF No. 19), a motion to amend his complaint a second time (ECF No. 20), and a motion for an order requiring the GBCI business office to provide him with five legal loan applications (ECF No. 21).

    1.    **Motion for Preliminary Injunction**

In seeking a motion for a preliminary injunction, Brown states that he has been diagnosed with various mental illnesses and is "in serious need of treatment." (ECF No. 19 at 2.) He alleges that GBCI has him in a cell with no emergency call

button, refuses to put him on scheduled safety check while in this cell with no call button, does not have any rehabilitative programs available, and is very short staffed in their psychological department. (*Id.* at 1-2.) He asks to be either 1) placed in a cell with an emergency call button, 2) placed on thirty minute or one-hour safety checks, 3) given a transfer hearing and a thirty minute to an hour-long mental health therapy session once a month, or 4) be administratively transferred to another facility and given a thirty minute to an hour-long mental health therapy session once a month. (*Id.* at 2-3.)

To obtain preliminary injunctive relief, whether through a TRO or a preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Such an injunction is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the

conduct asserted in the complaint."); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint). Furthermore, under the Prison Litigation Reform Act (PLRA), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The court orders the defendants to respond to Brown's request for a preliminary injunction within twenty-one days. Thereafter, if necessary, the court will schedule a hearing.

### 2. Motion to Amend Complaint

Brown has already amended his complaint once. In his amended complaint he claims the defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his risk of suicide. In his motion to amend his complaint a second time, Brown seeks only to correct the date on which the defendants engaged in the constitutional violation.

The decision to grant leave to amend is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be "freely given when justice so requires," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

an amendment, and futility of amendment." *Id.*

Given the liberal amendment policy under Rule 15, the court will grant Brown's motion to amend the complaint for a second time. Because the court has screened Brown's first amended complaint, and the only change in the second amended complaint is the date of the alleged constitutional violation, the court need not perform an additional screening. Brown may proceed on his Eighth Amendment claim against the defendants. The defendants must file a responsive pleading to the second amended complaint.

### 3. Motion for Order to Provide Legal Loan Forms

Lastly, Brown moves for an order requiring the GBCI business office to provide him with five legal loan applications. (ECF No. 21.) He states he requested the forms from the GBCI business office but was told they had already been sent and to check with security. (*Id.* at 1-2.) When he informed the business office that he did not get them, he received no response. (*Id.* at 2.) Brown states he needs the forms to apply for loans to litigate this and other pending and future cases. (*Id.*)

Brown's request, however, relates to a legal aid program provided and managed by GBCI. The court is not inclined to insert itself into matters of prison administration, to which it normally accords substantial deference. See Hewitt v. Helms, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage."). This request will, therefore, be denied.

4. **Conclusion**

**IT IS THEREFORE ORDERED** that the defendants are to respond to Brown's motion for a preliminary injunction (ECF No. 19) within twenty-one days.

**IT IS ALSO ORDERED** that Brown's motion to amend his complaint (ECF No. 20) is **GRANTED**. The Clerk of Court is directed to detach and e-file the second amended complaint (ECF No. 20-1), which is now the operative complaint.

**IT IS FURTHER ORDERED** that Brown's motion for order (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Brown's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants Gregg Friedal and CO David Yang.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Gregg Friedal and CO David Yang shall file a responsive pleading to the second amended complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin this 7th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge