# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VICTOR ROBERT BROWN,**

        **Plaintiff,**

  v.                                              Case No. 18-CV-1777

**GREGG FRIEDAL, et al,**

        **Defendants.**

---

**VICTOR ROBERT BROWN,**

        **Plaintiff,**

  v.                                                Case No. 18-CV-1910

**LT. ELSINGER, et al.,**

        **Defendants.**

---

**VICTOR ROBERT BROWN,**

       **Plaintiff,**

  v.                                                Case No. 18-CV-1913

**JOHN DOES, et al.,**

        **Defendants.**

---

**ORDER**

---

Pro Se plaintiff Victor Robert Brown, an inmate at Green Bay Correctional Institution (GBCI), brought three separate lawsuits under 42 U.S.C. § 1983, alleging

that his constitutional rights were violated. Before the court are Brown's motions to consolidate those cases. For the reasons explained below, Brown's motions will be granted.

1.  **Background**

Brown has been allowed to proceed in three separate lawsuits. In his first lawsuit, *Brown v. Friedal, et al.*, No. 18-CV-1777, Brown alleges that on January 20, 2017, he informed a correctional officer at GBCI he was having suicidal ideations. The officer responded that he would, and later that he had, informed the sergeant. Neither the officer nor the sergeant did anything else, and Brown thereafter cut himself. Brown has been allowed to proceed on claims of deliberate indifference against the two officers for disregarding his risk of suicide.

In his second lawsuit, *Brown v. Lt. Elsinger, et al.*, 18-CV-1910, Brown alleges that a week later, on January 27, 2017, between 6:00 p.m. and 10:00 p.m., a correctional officer at GBCI watched and failed to intervene while Brown engaged in various acts of self-harm. Brown says he was told that the nurses were informed of his actions, but they also did nothing to prevent him from hurting himself. Brown further alleges that the nurses were aware he had an infection related to his self-harming actions but did not promptly treat it. He eventually underwent surgery and received treatment. Brown has been allowed to proceed on claims of deliberate indifference against named officer and the John and Jane Doe nurses for disregarding his risk of suicide.

In his third lawsuit, *Brown v. John Does, et al.*, 18-CV-1913, Brown alleges that about six weeks later, on March 18, 2017, although he informed two GBCI correctional officers of his suicidal ideations, they failed to timely respond. Brown subsequently engaged in self-harm with a piece of razor. Brown has been allowed to proceed on claims of deliberate indifference against two unidentified officers for disregarding his risk of suicide.

On December 11, 2018, Brown filed identical motions in all three cases asking that the cases be consolidated. He argues that the cases are substantially similar, that all of the incidents occurred at the same correctional facility, and that all of the defendants worked at that correctional facility.

**2.    Standard of Review**

Under the Federal Rule of Civil Procedure 42(a), the court may consolidate actions that are "before the court" and "involve a common question of law or fact." *See also Mutual life of Hillman*, 145 U.S. 285, 292 (1892) (noting that consolidating cases "of like nature and relative to the same question" is within the trial court's discretion); 8 James Wm. Moore, MOORE'S FEDERAL PRACTICE—CIVIL § 42.10(2018) ("The articulated standard of consolidating two or more cases is simply that they involve 'a common question of law or fact.'"). Additionally, the court need only find that one exists—a common question of law or a common question of fact—and that consolidation will prove beneficial. *See* 8 Moore, *supra*, at §42.10[1][a]. But there must be at least one common question of law or fact before the court may use its discretion to consolidate the cases. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D.

Wis. 2008) (citing *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (explaining that a trial court's consolidation decision is subject to review for abuse of discretion); *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994) (finding abuse of discretion when consolidation occurred although there was no common issue of law or fact)). Although Rule 42 does not clearly define a "common question of law or fact," other courts have applied the plain meaning of the phrase and found that "a common question is one that must be answered identically in each case in which it is presented." *Id*.

   3.   **Analysis**

There are several common facts in these cases. The plaintiff is the same, the defendants all work at the same institution, and all of the alleged constitutional violations occurred at that same institution. Generally, these factors, even in the aggregate, are not enough to support a grant of consolidation of Brown's cases. However, it is because of these factors that the court recognizes a more pronounced, yet indirectly stated common fact among them. The incidents all occurred within a few weeks of each other and all relate to Brown's attempts to harm himself. And in each case the defendants allegedly disregarded his risk of self-harm even after he either warned them of the risk or engaged in acts of self-harm in front of them. Thus, liberally construing Brown's claims, the common question of fact is whether Brown's mental illness and desire to self-harm is being continuously ignored by prison staff at Green Bay Correctional Institution. *See Anderson v. Hardman*, 241 F.3d 544, 545

4

(7th Cir. 2001) ("[P]ro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed") (citations omitted).

Consolidation of these cases will streamline this litigation, allowing the court to centrally address Brown's common claim. For these reasons, Brown's motions to consolidate will be granted. *See* Fed. R. Civ. P. 42(a). Pursuant to the Eastern District of Wisconsin Local Rules, the cases will be consolidated under Case Number 18-CV-1777. *See* Civil L.R. 42(b) (E.D. Wis.).

4. **Conclusion**

**IT IS ORDERED** that Brown's motions to consolidate (ECF No. 12 in Case No. 18-CV-1777 and ECF No. 7 in Case No. 18-CV-1910 and ECF No. 7 in Case No. 18-CV-1913) are **GRANTED**.

**IT IS FURTHER ORDERED** that Case No. 18-CV-1910 and Case No. 18-CV-1913 are consolidated under Case No. 18-CV-1777. **All future filings related to Case No. 18-CV-1910 and Case No. 18-CV-1913 must be in Case No. 18-CV-1777**.

Dated at Milwaukee, Wisconsin this 25th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge