# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

               **Plaintiff,**

v.                                                     **Case No. 18-CV-1777**

**GREGG FRIEDAL, et al,**

               **Defendants.**

---

**VICTOR ROBERT BROWN,**

               **Plaintiff,**

v.                                                     **Case No. 18-CV-1910**

**LT. ELSINGER, et al.,**

               **Defendants.**

---

**VICTOR ROBERT BROWN,**

               **Plaintiff,**

v.                                                     **Case No. 18-CV-1913**

**JOHN DOES, et al.,**

               **Defendants.**

---

## ORDER

On January 23, 2019, plaintiff Victor Robert Brown, an inmate at Green Bay Correctional Institution (GBCI), filed a motion for a preliminary injunction. (ECF No.

19.) He alleged that, despite being diagnosed with various mental illnesses and "in serious need of treatment," GBCI placed him in a cell with no emergency call button, refused to put him on scheduled safety checks while in the cell with no call button, did not have any rehabilitative programs available, and was very short staffed. (*Id.* at 1-2.) He asked either to be placed in a cell with an emergency call button, placed on thirty minute or one-hour safety checks, given a transfer hearing and a thirty minute to an hour-long mental health therapy session once a month, or be administratively transferred to another facility and given a thirty minute to an hour-long mental health therapy session once a month.(*Id.* at 2-3.)

Considering Brown's allegations, the court ordered the defendants to file a response to Brown's motion (ECF No. 25 at 3), which they have (ECF No. 31). They assert that, subsequent to the filing of the motion and upon Brown's return from the Mendota Mental Health Institute (a supervised living facility) on February 25, 2019, Brown has been in a cell with an emergency call button. (ECF No. 31 at 2, 5.) The defendants note further that one of the reasons Brown had initially been put in a cell with no call button was because of his history of damaging cells with call buttons, and they were concerned that he would use the machine fragments to engage in self-harm. (*Id.* at 2.) Another reason he had been placed in a cell without a call button was because he had been put on a behavior management plan to help him learn "self-control" to ultimately "reintegrate him into the general population." (*Id.* at 3.) The defendants state that Brown was still closely monitored by staff while in the cell with

no call button and had been placed on clinical observation three times during his time in that cell. (*Id.*)

As to Brown's allegation of insufficient mental treatment, the defendants note that Brown had been seen a significant number of times prior to being transferred to the supervised living facility in February 2019; he was placed on observation status several times during and following the transfer; he had been and is being seen by a psychiatrist; and he is on a behavioral management plan designed by a team of security, psychological, and medical professionals. (ECF No. 31 at 3, 5.)

Brown has filed no reply contesting any of the defendants' statements. Moreover, Brown has been provided the relief he sought, a cell with a call button. Thus, the court will deny his motion for a preliminary injunction.

**IT IS ORDERED** that Brown's motion to for a preliminary injunction (ECF No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge